UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EXCELLER SOFTWARE CORP., et al.,  Case No. 1:17-cv-277
    Plaintiffs,  Barrett, J.
      Litkovitz, M.J.
vs.

JEFFREY DINE, et al.,  **REPORT AND**
    Defendants.  **RECOMMENDATION**

Plaintiffs Exceller Software Corporation and Ergun Fikri bring this action against defendants Jeff Dine, Jack Yoskowitz, Mark Hyland, and Seward & Kissel LLP (S&K) alleging claims of breach of contract, breach of fiduciary duty, "fraud and attorney deceit," and attorney malpractice. This matter is before the Court on defendants' motion to strike or dismiss the second amended complaint (Doc. 12), plaintiffs' response in opposition (Doc. 15), defendants' reply memorandum (Doc. 18), and plaintiffs' sur-reply memoranda (Docs. 21, 22).

Ergun Fikri filed this action pro se on behalf of himself and Exceller Software Corporation (Exceller) (Doc. 11, Second Amended Complaint).[1] Counsel subsequently entered an appearance on behalf of Exceller. (Doc. 17). The second amended complaint alleges that Exceller was represented on a pro bono basis by defendants in a lawsuit filed in the Southern District of New York by Exceller against Pearson Education, Inc. alleging, *inter alia*, claims of copyright infringement and breach of contract. The New York case was ultimately settled for $400,000.00 in April 2011. Plaintiffs allege that they later became aware that Exceller's claims were worth much more money and that defendants' representation of Exceller in the New York case was deficient, resulting in a substantial financial loss for Exceller. Plaintiffs allege that defendants breached their contract with Exceller by failing to assign a competent attorney to the

---
[1] Fikri alleges he owns 100% of Exceller's stock. (Doc. 15 at 2).

New York case; breached their fiduciary duty to Exceller by asking Exceller to accept a reduced settlement amount because the lawsuit was becoming "too expensive" for the firm and by assigning a "weak team" to represent Exceller; committed "fraud and attorney deceit" when the firm lawyers concealed their mistakes and "negligence and malpractice" from Exceller; and committed attorney malpractice when they failed to raise valid claims on Exceller's behalf which were more lucrative than the existing claims before the New York court. As relief, plaintiffs seek $8 million and "triple damages for violation of fiduciary law 487." (Doc. 11 at 4).

Defendants request dismissal of the second amended complaint on the basis that the Court lacks subject matter jurisdiction over this matter; the Court does not have personal jurisdiction over the defendants; the second amended complaint fails to state a claim upon which relief may be granted as it is barred by the statute of limitations; and the second amended complaint was filed pro se by Mr. Fikri and must be struck pursuant to Fed. R. Civ. P. 11(a).

The Court must initially determine whether it has subject matter jurisdiction over this action. *See Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case. . . ."); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991) (federal courts are courts of limited jurisdiction with continuing obligation to examine subject matter jurisdiction throughout pendency of matter). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction may present a facial or factual challenge to the Court's subject matter jurisdiction. *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted). A facial attack on the Court's subject matter jurisdiction alleged in the complaint "merely questions the sufficiency of the pleading." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). When resolving a facial challenge, the Court accepts

2

the factual allegations of the complaint as true and construes the complaint in a light most favorable to the non-moving party. *United States v. A.D. Roe Co., Inc.*, 186 F.3d 717, 721-22 (6th Cir. 1999). If the motion presents a factual challenge, the Court may consider evidence outside the pleadings to determine if jurisdiction exists. *See Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). In a factual challenge to the Court's jurisdiction, there is no presumption of truthfulness in favor of the non-moving party. *A.D. Roe Co., Inc.*, 186 F.3d at 722. Whenever subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014); *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

Defendants' motion to dismiss raises a factual challenge to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a), which plaintiffs invoke in this case. *See* Second Amended Complaint (Doc. 11 at 2). In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiffs must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) ("there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant") (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).

It is well-settled that "a corporation is a citizen of the State in which it was incorporated *and* the State of its principal place of business." *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953,

956 (6th Cir. 2017) (emphasis in the original) (citing 28 U.S.C. §§ 1332(a)(1), (c)(1)).[2] "Ever since the passage of § 1332(c)(1) in 1958, courts have considered corporations simultaneously citizens of both States for diversity purposes." *Id.* *See also Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 629 (6th Cir. 1992) ("A multi-state corporation therefore is invested with dual citizenship—it 'must be treated as a citizen both of its state of incorporation and of the state of its principal place of business.'") (quoting *Schwartz v. Electronics Data Sys., Inc.*, 913 F.2d 279, 284 (6th Cir. 1990)).

In this case, Exceller is incorporated in New York and has its principle place of business in Ohio. (Doc. 12-1, Exs. 3, 4). Therefore, Exceller is a citizen of both New York and Ohio for purposes of the Court's diversity jurisdiction. *Roberts*, 874 F.3d at 956.[3] Fikri alleges he "is a permanent resident of the USA, domiciled in Cincinnati, Ohio." (Doc. 15 at ¶ 4). Defendants Hyland and Yoskowitz are citizens of the State of New York. (Doc. 12, Hyland Decl. ¶ 2; Yoskowitz Decl. ¶ 3). Defendant Dine is a citizen of New Jersey. (Doc. 12, Dine Decl. ¶ 2). S&K is organized under the laws of the State of New York. (Doc. 12, Hyland Dec. ¶ 3). S&K, which is a limited liability partnership, is treated as a citizen of every state of which any of its partners is a citizen. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (for purposes of diversity jurisdiction limited partnerships have the citizenship of each of its general and limited partners). *See also V & M Star, LP*, 596 F.3d at 355; *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005). Accordingly, as two of S&K's partners are citizens of New York, S&K is also a citizen of New York. *Id.*

---

[2] Section 1332(c)(1) provides in relevant part: "For the purposes of this section . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1).

[3] *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), cited by plaintiffs, in inapposite. The Supreme Court in *Hertz* addressed the issue of what constitutes the "principal place of business" of a corporation. *Hertz* does not stand for the proposition that the "principal place of business" or "nerve center" of a corporation is the sole citizenship of a corporation as plaintiffs argue.

4

In this case, Exceller and three of the named defendants are citizens of New York. Therefore, there is not complete diversity of jurisdiction between the plaintiffs and the defendants in this case and the Court lacks subject matter jurisdiction over this matter on the basis of diversity of citizenship. Defendants' motion to dismiss for lack of subject matter jurisdiction should be granted.[4]

It is therefore **RECOMMENDED** that defendants' motion to dismiss be **GRANTED** on the basis that this Court lacks subject matter jurisdiction over this case.

Date: 1/23/18

Karen L. Litkovitz
United States Magistrate Judge

---

[4] As this Court lacks subject matter jurisdiction over this case, it need not reach defendants' other bases for dismissal of the second amended complaint.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EXCELLER SOFTWARE CORP., et al.,<br>Plaintiffs,<br><br>vs.<br><br>JEFFREY DINE, et al.,<br>Defendants. | Case No. 1:17-cv-277<br>Barrett, J.<br>Litkovitz, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).